**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

CARMEN MALDONADO-GONZÁLEZ, et
al.

  **Plaintiffs**

        v.                                    CIVIL NO. 22-1250 (RAM)

PUERTO RICO AQUEDUCTS AND SEWER
AUTHORITY, et al.

  **Defendants**

## MEMORANDUM AND SCHEDULING ORDER

Before the Court is Plaintiffs' *Verified Complaint* seeking damages, injunctive and declaratory relief due to the allegedly inadequate water service provided by the Puerto Rico Aqueducts and Sewer Authority ("PRASA") to subscribers residing in the Municipality of Morovis (the "Municipality" or "Morovis"). (Docket No. 1). For the reasons discussed herein, Plaintiffs' request for a temporary restraining order is **DENIED.** Furthermore, the Court establishes the schedule outlined below.

### I.    PROCEDURAL BACKGROUND

On June 2, 2022, Plaintiffs the Municipality, Carmen Maldonado-González in her personal and official capacity as Mayor of the Municipality, and six residents of the Municipality, all of whom are PRASA subscribers, (collectively "Plaintiffs") filed a putative civil rights class action under 28 U.S.C. § 1343 and 42

U.S.C. § 1983 against PRASA, its Executive Director Doriel Pagán-Crespo, its Regional Executive Director José A. Rivera-Ortiz, and its unnamed insurance company (collectively "Defendants"). (Docket No. 1). Plaintiffs contend that as subscribers, they have a constitutionally protected right to continued and adequate water service from PRASA. Id. ¶¶ 24, 67. Despite this, they claim that for years, the Municipality has continuously lacked adequate water service that the problem has worsened since 2017, after Hurricane María. Id. ¶¶ 21-27. As remedies, Plaintiffs seek injunctive and declaratory relief as well as damages. Id. ¶¶ 61-72. In the relevant part, the *Verified Compliant* asks the Court to issue a temporary restraining order, preliminary injunction, and permanent injunction against Defendants:

> (1) ordering Defendants to continuously provide adequate water service to PRASA's subscribers in the Municipality of Morovis, (2) enjoining Defendants from shutting down the water service in the Municipality of Morovis, (3) ordering Defendants to take affirmative and immediate steps to fix the water service problem in the Municipality of Morovis, including of connecting the Municipality of Morovis' water system to PRASA's superaqueduct, and (4) imposing monetary sanctions on Defendants, including coDefendant Insurance Company ABC, for each day (or part of the day) that PRASA fails to provide water to its subscribers in the Municipality of Morovis, at a rate of $1,000 per day, per Plaintiff and/or class member.

Id. ¶ 63.

## II.  DISCUSSION

Courts may issue a temporary restraining order only if:

> (A) specific facts in an affidavit or a
> verified complaint clearly show that immediate
> and irreparable injury, loss, or damage will
> result to the movant before the adverse party
> can be heard in opposition; and

> (B) the movant's attorney certifies in writing
> any efforts made to give notice and the
> reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). It has long been established that under federal law, ex parte temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty., 415 U.S. 423, 439 (1974). In the case at bar, Plaintiffs seek a temporary restraining order that would provide them "with affirmative relief *changing* the status quo." Sosa v. Lantz, 660 F. Supp. 2d 283, 290 (D. Conn. 2009) (emphasis in the original). The requested temporary restraining is thus improper, as it would not preserve the status quo and amount to a determination on the merits. *Cf* Bly v. McLeod, 605 F.2d 134, 137 (4th Cir. 1979).

## III. SCHEDULING ORDER

To address the remaining claims of the *Verified Complaint*, summons shall be issued forthwith, and Plaintiffs shall serve

process upon Defendants by **June 24, 2022.** Defendants PRASA, Doriel Pagán-Crespo, and José A. Rivera-Ortiz shall plead or otherwise defend regarding the *Verified Complied* within **14 days** of service of process.

The parties shall exchange the Mandatory Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) within **21 days** of service of process.

An Initial Scheduling Conference is hereby scheduled for **July 22, 2022, at 1:00 p.m.** before the undersigned in the United States District Court for the District of Puerto Rico, located at 150 Carlos Chardón Avenue, San Juan, Puerto Rico in Courtroom 7. Counsel shall be prepared to discuss the matters listed in Local Rule 16(a) and whether the preliminary injunction request can be adjudicated based on a stipulated record.[1]

By **July 29, 2022**, the parties shall file a joint motion containing: (a) joint stipulations of fact; (b) factual stipulations proposed by plaintiffs and rejected by defendants including the latter's basis for rejecting each proposed stipulation; (c) factual stipulations proposed by Defendants and rejected by Plaintiffs including the latter's basis for rejecting each proposed stipulation; (d) the names and summaries of the expected testimony of the witnesses each party intends to call to

---

[1] This hearing is contingent on the timely and proper service of process.

testify at a preliminary injunction hearing; (d) the name, field of expertise and summaries of the expected testimony of the expert witnesses each party intends to call to testify during that hearing; (e) a list of the documents each party intends to call during that hearing.

Plaintiffs shall serve this order upon Defendants personally and by electronic mail no later than **June 24, 2022**.

### IV.   CONCLUSION

For the reasons discussed above, the temporary restraining order requested by Plaintiffs is **DENIED**. Furthermore, Plaintiffs shall comply with the timeline outlined in the previous section.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of June 2022.

s/Raúl M. Arias-Marxuach_____
UNITED STATES DISTRICT JUDGE